# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BILLY RAY GREGSON,

    Plaintiff,

v.                                                          Case No. 17-13600

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

## OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION, ADOPTING REPORT AND RECOMMENDATION, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

All matters in this Social Security appeal stemming from the denial of disability benefits were referred to Magistrate Judge Mona K. Majzoub for consideration and recommendation. (Dkt. #3.) Both Plaintiff and Defendant filed motions for summary judgment. (Dkt. #16, 17.) Currently before this court is a Report and Recommendation ("R&R") issued by Judge Majzoub which recommends granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment. (Dkt. #18.) Plaintiff timely filed one objection to the R&R. (Dkt. #19.) After reviewing the R&R and the parties' filings, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, and in the R&R, the court will overrule Plaintiff's objection and adopt the R&R in its entirety without alteration.

## I. STANDARD

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*,

447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

In order for this court to apply meaningful de novo review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment or response to the other party's dispositive motion. *See Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (collecting cases from the Eastern District of Michigan). Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

## II. DISCUSSION

Plaintiff's sole objection challenges the weight afforded to the opinions of Plaintiff's treating physician, Dr. Magnatta. Plaintiff contends that the ALJ did not sufficiently explain her reasons for discounting the opinions of Dr. Magnatta and that Judge Majzoub improperly credited the ALJ's assessment of Dr. Magnatta's opinions. (Dkt. #19, PageID 378.) In analyzing the opinions of a treating source,

> An ALJ is required to give controlling weight to a treating physician's opinion so long as that opinion is supported by clinical and laboratory diagnostic evidence not inconsistent with other substantial evidence in the record. But if the ALJ concludes that a treating source's medical opinion is not entitled to controlling weight, she must weigh the opinion in light of several factors. The ALJ need not perform an exhaustive, step-by-step analysis of each

2

> factor; she need only provide "good reasons" for both her decision not to afford the physician's opinion controlling weight and for her ultimate weighing of the opinion.

*Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017) (internal citation omitted).

Plaintiff contends that the ALJ did not have "good reason" for assigning only *some* weight to Dr. Magnatta's opinions. Plaintiff asserts that the ALJ gave two justifications for discounting Dr. Magnatta's opinions: 1) the inconsistency between Dr. Magnatta's ultimate assessment of Plaintiff's abilities and repeated observation of Plaintiff's normal gait and station and 2) the provision of only conservative care until April 2016. Plaintiff argues that that neither justification was sufficient to discount Dr. Magnatta's opinions.

Contrary to Plaintiff's assertions, the ALJ does not rely exclusively on Dr. Magnatta's observation of normal gait and station and provision of conservative care in discounting Dr. Magnatta's opinions. Rather, these were two of several factors considered by the ALJ. The ALJ's opinion also analyzes the results of Plaintiff's MRI, x-rays, and musculoskeletal exams in addition to Plaintiff's large gaps in treatment and the opinions of other treating sources. (Dkt. #10-2, PageID 33–34, 61.) The court agrees with Judge Majzoub's recommendation that these factors, taken in conjunction with the inconsistencies present in Dr. Magnatta's treatment notes and lengthy provision of conservative care, provide sufficent explanation for the ALJ's decision not to afford controlling weight to Dr. Magnatta's opinions. Thus, even if additional evidence on the record could support a finding of disability, the court will not reweigh the evidence

3

considered by the ALJ. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

To the extent Plaintiff argues that he be entitled to benefits for a disability beginning in April 2016 (Dkt. #19, PageID 379), this argument is waived because it has been ostensibly raised for the first time in Plaintiff's objection to the R&R. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517–18 (6th Cir. 2010).

### III. CONCLUSION

For the reasons stated above, the court overrules Plaintiff's objection and adopts Judge Majzoub's R&R in full and without amendment. Accordingly,

IT IS ORDERED that Plaintiff's objection (Dkt. #19) is OVERRULED and that Judge Majzoub's Report and Recommendation (Dkt. #18) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Dkt. #17) is GRANTED and Plaintiff's Motion for Summary Judgment (Dkt. #16) is DENIED.

    s/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: February 21, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 21, 2019, by electronic and/or ordinary mail.

    s/Lisa G. Wagner
    Case Manager and Deputy Clerk
    (810)292-6522

S:\Cleland\Cleland\HEK\Civil\17-13600.GREGSON.adopt.social.security.R&R.HEB.docx